UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EDMUND BAMBAS,

                Plaintiff,                    Case No. 2:24-cv-13196

v.                                      Honorable Susan K. DeClercq
                                          United States District Judge

DANIEL B. BAIN,

                Defendant.

_____/

**ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) FOR LACK OF SUBJECT-MATTER JURISDICTION, DENYING AS MOOT PLAINTIFF'S PETITION FOR PERSONAL PROTECTION ORDER (ECF No. 2), AND DENYING AS MOOT PLAINTIFF'S MOTION TO STAY STATE PROCEEDINGS (ECF No. 3)**

On December 2, 2024, Plaintiff Michael Edmund Bambas sued Livingston County Circuit Court Judge Daniel B. Bain, taking issue with the judicial process in several state-court cases. As explained below, Plaintiff's Complaint will be *sua sponte* dismissed for lack of subject-matter jurisdiction.

## I. BACKGROUND

On December 2, 2024, Bambas filed this *pro se* complaint against Livingston County Circuit Court Judge Daniel B. Bain. ECF No. 1. Plaintiff also filed a "Petition for a Personal Protection Order," ECF No. 2, and a "Motion to Stay All State Proceedings," ECF No. 3. Plaintiff alleges that Judge Bain committed "acts of usurpation" by issuing three "unconstitutional bench warrants," ECF No. 1 at

PageID.11, which resulted in Plaintiff's arrest when he arrived at the Tuscola County Circuit Court on September 10, 2024, to testify in an unrelated case, *see id.* at PageID.23. The "unconstitutional bench warrants" appear to be related to the following Livingston County District Court cases:

- *State of Michigan v. Bambas*, 24-0677-ST (53rd District Court, Mich.), a February 2024 misdemeanor charge for failure to display a valid license.

- *State of Michigan v. Bambas*, 23-1106-FY (53rd District Court, Mich.), a June 2023 misdemeanor charge for attempting to assault/resist/obstruct a police officer.

- *State of Michigan v. Bambas*, 21-1937-SM (53rd District Court, Mich.), an August 2021 misdemeanor charge for attempting to assault/resist/obstruct a police officer.

*See generally* ECF No. 1.

It appears from Bambas's Complaint, ECF No. 1, and the Livingston County District Court's public docket,[1] that collections show-cause hearings for all three of these cases are scheduled for December 10, 2024. *Id.* at PageID.30.

In addition to alleging that the bench warrants Judge Bain issued in these cases were "unconstitutional," Bambas claims that Judge Bain violated "the professional code of conduct by belittling" Bambas in court, *id.* at PageID.11, and that Judge Bain

---

[1] District courts may properly consider the public record under Civil Rule 12 so long as the information considered is "central to the claims" contained within the plaintiff's complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

will violate Bambas's First Amendment rights by requiring Bambas to appear in state court on December 10, 2024, because if he appears, he "will be incarcerated in jail for 93 days" and "will miss Christmas." *Id.* at PageID.30.

## II. STANDARD

Generally, courts "may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). But "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*

Claims against judges based on their "performance of judicial functions" are "wholly devoid of merit," because judges are entitled to absolute immunity from them. *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1–2 (6th Cir. Aug. 2, 2022) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). Accordingly, these types of claims against judges may be *sua sponte* dismissed under Civil Rule 12(b)(1). *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *2.

Importantly, judicial immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity: a

judge is not immune from suit for acts that are (1) not judicial in nature; or (2) performed without any jurisdiction. *Id.*

## III. ANALYSIS

Here, Bambas sues Judge Bain for acts that were undoubtedly judicial in nature: issuing bench warrants in state criminal cases, scheduling collections show-cause hearings, and running his courtroom the way he sees fit. *See generally* ECF No. 1. Although Bambas's allegation that Judge Bain issued "unconstitutional" bench warrants might generously be construed as an allegation that Judge Bain acted without jurisdiction, that is a *legal* allegation this Court need not accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (noting legal conclusions are "not entitled to the assumption of truth"). And the Complaint provides no facts upon which this Court could reach such a legal conclusion.

In sum, Bambas's Complaint against Judge Bain focuses entirely on Judge Bain's judicial acts in Bambas's criminal cases in the Livingston County District Court. Accordingly, the Complaint will be dismissed according to Civil Rule 12(b)(1) based on judicial immunity, and Bambas's subsequent petition, ECF No. 2, and motion, ECF No. 3, will be denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

- 4 -

2. Plaintiff's Petition for a Personal Protection Order, ECF No. 2, is **DENIED AS MOOT**; and

3. Plaintiff's Motion to Stay All State Court Proceedings, ECF No. 3, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**


*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/5/2024