UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EDMUND BAMBAS,

    Plaintiff,        Case No. 2:24-cv-13196

v.                Honorable Susan K. DeClercq
                  United States District Judge
DANIEL B. BAIN,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**(ECF No. 7)**

On December 2, 2024, Plaintiff Michael Edmund Bambas sued Livingston County Circuit Court Judge Daniel B. Bain, taking issue with the judicial process in several state-court cases against him. ECF No. 1. Three days later, this Court *sua sponte* dismissed Bambas's Complaint for lack of subject matter jurisdiction under Civil Rule 12(b)(1). Specifically, this Court dismissed Bambas's Complaint because "claims against judges based on their performance of judicial functions are wholly devoid of merit, because judges are entitled to absolute immunity from them." ECF No. 6 at PageID.110 (cleaned up); *see also Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1–2 (6th Cir. Aug. 2, 2022) (citing *Apple v. Glenn*, 183 F.3d 477, 479–80) (noting that claims against a judge may be *sua sponte* dismissed under Civil Rule 12(b)(1)). On December 16, 2024, Bambas filed a motion for

reconsideration of this Court's December 5, 2024 final order. ECF No. 7.

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, under Civil Rule 60(b)(1), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In the Sixth Circuit, Civil Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Judicial mistakes need not be "obvious" and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Bambas does not say whether he is seeking reconsideration under Civil Rule 59(e) or 60(b). *See generally* ECF No. 7. But under either standard, Bambas is not entitled to reconsideration. Having considered his arguments, this Court finds that there is not a clear error of law in the December 5, 2024, order, nor is there any newly discovered evidence or an intervening change in the controlling law. *See Moore*, 402 F. App'x at 108 (6th Cir. 2010). Additionally, none of Bambas's arguments demonstrate an excusable mistake by Bambas or a substantive mistake of law or fact by this Court. *See* FED. R. CIV. P. 60(b). Finally, Bambas has not demonstrated that reconsideration is necessary to prevent manifest injustice. *See* FED. R. CIV. P. 59(e).

In sum, Bambas has not shown that he is entitled to reconsideration, so his motion, ECF No. 7, will be denied, and this Court's December 5, 2024, opinion and order will not be altered.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 7, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 3, 2025